IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**BRIAN HILL, JASON MATHIS and**                                **PLAINTIFFS**
**CRUZ VASQUEZ, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                                      No. 4:22-cv-518

**FRITO-LAY, INC.**                                                                           **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Brian Hill, Jason Mathis and Cruz Vasquez (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendant Frito-Lay, Inc. ("Defendant"), state and allege as follows:

**I.     PRELIMINARY STATEMENTS**

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and the provisions of the Washington Minimum Wage Act, RCW 49.46.010, *et seq.*, and Washington Rebate Act, RCW 49.52.050 (collectively, the "Washington Acts").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's failure to pay proper compensation under the FLSA, the AMWA and the Washington Acts.

## II.    JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the AMWA and the Washington Acts, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant is headquartered in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6. Plaintiff Brian Hill ("Hill") is an individual and resident of Craighead County.

7. Plaintiff Jason Mathis ("Mathis") is an individual and resident of Pinal County, Arizona.

8. Plaintiff Cruz Vasquez ("Vasquez") is an individual and resident of Multnomah County, Oregon.

9. Defendant is a foreign, for-profit corporation.

10. Defendant's registered agent for service of process is C T Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

## IV. FACTUAL ALLEGATIONS

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as food and beverage products and fuel.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

15. At all times material herein, Plaintiffs have been classified by Defendant as exempt from the overtime requirements of the FLSA.

16. Hill was employed from May of 2019 until April of 2022 at Defendant's plant in Jonesboro.

17. Mathis was employed from July of 2021 until March of 2015 at Defendant's plant in Casa Grande, Arizona.

18. Vasquez was employed from 2014 until the present at Defendant's plant in Vancouver, Washington.

19. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

20. Defendant also employed other hourly-paid employees within the three years preceding the filing of this Complaint.

21. At all relevant times herein, Defendant directly hired Plaintiffs and other hourly employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Plaintiffs kept their time using Kronos, the timekeeping system implemented by Defendant.

23. In or around November of 2021, Kronos was hacked and became inoperable.

24. Kronos functions were restored in or around February or March of 2022.

25. From November of 2021 until February or March of 2022 (hereinafter, "Kronos blackout"), Plaintiffs and other hourly employees could not record their time using Kronos.

26. In lieu of timekeeping, during the Kronos blackout, Defendant paid Plaintiffs and other hourly employees an average of hours worked in previous weeks.

27. During the Kronos blackout, Plaintiffs received the same amount of pay from week to week regardless of how many hours they worked.

28. Regardless of the exact method of calculating payment, Defendant did not base the pay of Plaintiffs and other hourly employees on the number of hours actually worked in that week during the Kronos blackout.

29. Plaintiffs regularly worked over forty hours in a week during the Kronos blackout.

30. Other hourly employees also regularly or occasionally worked over forty hours in a week during the Kronos blackout.

31. When Plaintiffs worked hours over 40 during the Kronos blackout, they did not receive 1.5 times their regular hourly rate for those hours.

32. Other hourly employees also did not receive 1.5 times their regular hourly rate for hours worked over 40 during the Kronos blackout.

33. At Defendant's instruction, starting in approximately January of 2022, some hourly employees recorded their time via paper timesheet.

34. Defendant knew or should have known that Plaintiffs and other hourly employees worked hours which went uncompensated.

35. The work that Plaintiffs and other hourly employees performed was all or almost all completed on Defendant's premises.

36. Defendant set the work schedule for Plaintiffs and other hourly employees.

37. Defendant knew or should have known that Plaintiffs and other hourly employees worked over 40 hours in at least some weeks.

38. Upon information and belief, after Kronos was restored, some hourly employees received some backpay which was intended to compensate them for the underpayments during the Kronos blackout. However, these amounts were not sufficient to fully compensate them for the underpayments.

39. At all relevant times herein, Defendant has deprived Plaintiffs and other hourly employees of sufficient overtime compensation for all hours worked over 40 each week.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

 A. Overtime premiums for all hours worked over forty in any week;

 B. Liquidated damages; and

 C. Attorney's fees and costs.

42. Plaintiffs propose the following collective under the FLSA:

**All hourly employees who worked between November of 2021 and March of 2022.**

43. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

 A. They were paid hourly;

B.  They were unable to record their working hours via Kronos between November of 2021 and February or March of 2022;

C.  They worked hours over forty in at least one week during the Kronos blackout; and

D.  Their pay during the Kronos blackout was not based on hours worked during that period.

46. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 2,000 persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

50. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

53. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

54. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

55. Defendant knew or should have known that its actions violated the FLSA.

56. Defendant's conduct and practices, as described above, were willful.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

58. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

60. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

64. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for hours worked over forty each week

65. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

66. Defendant knew or should have known that its actions violated the FLSA.

67. Defendant's conduct and practices, as described above, were willful.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

69. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

71. Hill asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

72. At all relevant times, Defendant was Hill's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Defendant classified Hill as nonexempt from the overtime requirements of the AMWA.

75. Defendant failed to pay Hill a sufficient overtime premium for all hours worked over forty each week.

76. Defendant knew or should have known that its practices violated the AMWA.

77. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Hill for, and Hill seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   FOURTH CLAIM FOR RELIEF
### (Individual Claim for Violation of the Washington Acts)

79. The Washington Minimum Wage Act ("MWA"), provides that all nonexempt employees are required to be paid at or above the applicable minimum wage rate for all hours worked. RCW 49.46.020.

80. All hours worked over 40 in a workweek must be paid at 1.5 times the nonexempt employee's regular rate of pay. See RCW 49.46.130(1).

81. The Washington Wage Rebate Act, Wash. Rev. Code § 49.52.050, provides in relevant part that any employer who "willfully and with intent to deprive the employee of any part of his wage, shall pay any employee a lower wage than such employer is obligated to pay such employee by any statute, ordinance or contract" shall be guilty of a misdemeanor. There is a presumption that any underpayment of an employee's wages was willful. Wash. Rev. Code § 49.52.080.

82. Wash Rev. Code § 49.52.070 provides that any employer who violates the provisions of Wash. Rev. Code § 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, and attorneys' fees and costs

83. The Wage Rebate Act entitles an employee to recover "twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with the costs of suit and a reasonable sum for attorney's fees." RCW 49.52.070.

84. Defendant acted willfully in violating the Washington state laws discussed herein and Vasquez is entitled to double the actual damages. RCW 49.52.070.

85. In failing to compensate Vasquez at 1.5 times his regular rate for all hours worked over 40 each week, Defendant violated the Washington state laws referenced above.

86. Vasquez has and will continue to suffer loss of income and other damages. Accordingly, Vasquez is entitled to recover unpaid wages owed, liquidated damages, attorneys' fees and other appropriate relief under Washington state laws.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Brian Hill, Jason Mathis and Cruz Vasquez, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, the Washington Acts and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA, the Washington Acts and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, the Washington Acts and their related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRIAN HILL, JASON MATHIS and CRUZ VASQUEZ, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com