IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HILL, JASON MATHIS and CRUZ VASQUEZ, Each Individually and on Behalf of All Ohers Similarly Situated, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| v. | § § | 4:22-cv-00518 <u>COLLECTIVE ACTION</u> |
| FRITO-LAY, INC. | § § | |
| Defendant. | § | |

## **NOTICE OF FINAL JUDGMENT AND UNOPPOSED MOTION TO EXTEND STAY**

Defendant Frito-Lay, Inc. ("Frito-Lay" or "Defendant"), pursuant to the Court's Memorandum Opinion and Order dated April 3, 2023 (the "Order"), submits the following Notice of Final Judgment to notify the Court of the Final Approval Order and Judgment in the related case styled *Stevens v. PepsiCo Inc., et al.,* Case No. 7:22-CV-802 (the "Final Judgment"), and, because of the terms of the Final Judgment files this Unopposed Motion to Extend Stay, and in support thereof, respectfully states as follows:

## **NOTICE OF FINAL JUDGMENT**

Pursuant to the direction of the Order to provide this Court with a description of the court's ruling as to the proposed Settlement Agreement, Defendant describes the terms of the Final Judgment below. A copy of the Final Judgment is attached hereto as <u>Exhibit A</u>.

The Final Judgment provides that the Southern District of New York has jurisdiction over the members of the National Class, including the New York and California Subclasses, and the FLSA Collective[1] and finally certifies the National Class for settlement purposes. Ex. A at ¶ 1.

---

[1] The FLSA Collective and the National Class are defined in the Settlement Agreement, attached hereto as <u>Exhibit B</u>, at § 3(c)(i), as: "All current and former employees of Defendants in the United

1

The Final Judgment notes that, out of the 69,809 members of the Settlement classes, only eight (8) individuals requested to be excluded from the Settlement. Ex. A at ¶ 6. None of the named or opt-in Plaintiffs in the instant case are among the eight (8) individuals excluded from the applicability of the Settlement Agreement. *See id*.

The *Stevens* Court adjudged the terms of the Settlement Agreement to be fair, reasonable, and adequate, and in the best interests of the member of the National Class and the FLSA Collective. Ex. A at ¶ 2. The Final Judgment provides that, upon entry of the Final Judgment, the Settlement Agreement shall be binding on all members of the National Class and the FLSA Collective, except as to the eight (8) named individuals. Ex. A at ¶ 7.

The dates on which the claims of the National Class and FLSA Collective members are dismissed pursuant to the Final Judgment and the underlying Settlement Agreement differ based on the nature of those claims. The Settlement Agreement defines the term "Effective Date" as the later of thirty-five (35) days after the issuance of the Final Judgment, if no appeal is filed within that thirty-five (35)-day period or upon the final disposition of any appeal. *See* Ex. B at § 2(c)(i).

Upon the Effective Date, all National Class Members (except for the eight (8) named individuals who timely filed requests to be excluded from the Settlement) release all Defendants (including Frito-Lay) from any and all claims under state laws, including claims for minimum wages, hourly wages, or overtime. *See* Ex. B at § 16(b) ("Upon the Effective Date, all members of the National Class including the State Law Subclasses who do not submit a timely and valid request for exclusion from this Action shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge [Defendants] from any and all claims under state

---

States during the seventeen weekly pay periods between December 5, 2021, and April 8, 2022, who were impacted by the Kronos Outage."

laws relating to or arising out the Kronos Outage, including, without limitations, all state and local claims for unpaid wages (including but not limited to minimum wage or overtime), failure to timely pay wages, failure to record hours worked, paystub requirements, reimbursement, and all related claims for statutory damages or penalties, interest, liquidated damages, attorneys' fees, costs, expenses, and all other such amounts.").

The members of the FLSA Collective and National Class will release all claims under the FLSA effective upon cashing or depositing the checks sent to them by the Settlement Administrator pursuant to the Settlement Agreement. *See* Ex. B at § 16(a) ("Upon the Effective Date, all individuals who cash the checks sent to them by the Settlement Administrator . . . shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge Defendants . . . from any and all claims under the FLSA relating to or arising out the Kronos Outage, including, without limitations, all FLSA claims for unpaid wages (whether minimum wage or overtime), failure to timely pay wages, failure to record hours worked, paystub requirements, reimbursement, and all related claims for statutory damages or penalties, interest, liquidated damages, attorneys' fees, costs, expenses, and all other such amounts.").

The date on which claims under the FLSA will be released pursuant to the Final Judgment thus will depend on the date on which the individual cashes his or her settlement check or the date when the option to do so has passed. The timeline set forth in the Settlement Agreement requires that settlement checks be mailed within thirty (30) days after the Effective Date (est. June 8, 2023), and states that checks will expire ninety (90) days after issuance (est. September 6, 2023). *See* Ex. C at §§ 15(a), (c). Upon a showing of good cause, checks may be re-issued to members of the FLSA Collective or National Class for an additional ninety (90) days after the original expiration date of such checks (est. December 5, 2023).

The *Stevens* court retains exclusive and continuing jurisdiction over the case for purposes of supervising the implementation, enforcement, and interpretation of the Final Judgment. Ex. A at ¶ 10.

## MOTION TO EXTEND STAY

Pursuant to the Order, this Court stayed all claims and pending deadlines in the instant case pending the resolution of the *Stevens* case in the Southern District of New York. The Plaintiffs in this case are not excluded from the Stevens case and are members of the FLSA Collective and the National Class. (Ex. B at § 3(c)(i)). In light of the timeline set forth in the Final Judgment and the *Stevens* Settlement Agreement itself, the *Stevens* case will not be resolved until the date on which the final member of the FLSA Collective or National Class cashes his or her settlement check and releases his or her FLSA claims pursuant to the Final Judgment, or the deadline for members of the FLSA Collective and National Class to cash such checks has passed.

Accordingly, for the avoidance of doubt regarding the duration of the stay given the various timelines applicable to resolution of claims under *Stevens*, Defendant respectfully requests that this Court confirm that this case is stayed until October 10, 2023, a period of approximately one hundred eighty (180) days, as, by such date, Defendant reasonably expects that the resolution of the *Stevens* case will be substantially complete.

To the extent not already stayed by the Order, Defendant respectfully requests that this Court stay the instant action for a period of one hundred eighty (180) days to allow for the final resolution of the *Stevens* case and a determination of whether any additional claims of named and opt-in Plaintiffs in this case have been released during such stay.

Defendant's Motion to Extend Stay is made in good faith, and no prejudice to Plaintiffs will result from the requested relief as, during such stay, named and opt-in Plaintiffs will have the

opportunity to determine whether or not to participate in the settlement of their claims through *Stevens*.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Court stay this case until October 10, 2023, and for such other relief, at law or in equity, both general and special, to which Defendant may be justly entitled.

Dated:  April 11, 2023    Respectfully submitted,

*/s/ Alison R. Ashmore*
**Alison R. Ashmore**
Texas Bar No. 24059400
**Elizabeth A. Voss**
State Bar No. 24075160
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas  75201
Telephone:    (214) 462-6400
Facsimile:  (214) 462-6401
Email: AAshmore@dykema.com
Email:  EVoss@dykema.com

**ATTORNEYS FOR DEFENDANT FRITO-LAY, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 11, 2023, I conferred with Counsel for Plaintiffs.  Counsel for Plaintiffs indicated that they are not opposed to the relief sought in this Motion.

*/s/ Alison R. Ashmore*
**Alison R. Ashmore**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve a true and correct copy of the foregoing document to the following counsel of record:

                                              */s/ Alison R. Ashmore*
                                              **Alison R. Ashmore**